Case 1:22-mj-00170-GMH   Document 1-1

Case: 1:22-mj-00170
Assigned to: Judge Harvey, G. Michael
Assign Date: 7/29/2022
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

On June 22, 2022, at approximately 11:50AM, two Bureau of Alcohol, Tobacco, Firearms and Explosives Confidential Informants ("CIs") conducted a controlled purchase of 65.8 grams of cocaine base from the defendant, OMAR WASHINGTON. The controlled purchase was coordinated by a Metropolitan Police Department ("MPD"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and U.S. Marshals Service ("USMS") Task Force (collectively, "Task Force"). Prior to the controlled purchase, the CIs telephoned WASHINGTON to request to purchase crack cocaine. The CIs then drove to and met WASHINGTON to conduct the sale. WASHINGTON sold the CIs 65.8 grams of suspected crack cocaine, which field tested positive for the presence of crack cocaine. The controlled buy was audio and video recorded, and surveilled by Task Force officers throughout.

On July 28, 2022, at approximately 6:39AM. the Task Force executed a United States District Court for the District of Columbia search warrant (22-sw-241) for XXXXXXXX, Apartment XXX, Washington, D.C. XXXXX. The warrant was based on probable cause to believe WASHINGTON violated 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1) (Distribution of a Controlled Substance), and that evidence, fruits, and instrumentalities of the offenses would be found at three residential locations associated with WASHINGTON.

Apartment XXX is a one-bedroom apartment leased to WASHINGTON. In surveillance conducted from April 2022 through July 2022, Task Force officers observed WASHINGTON entering and exiting the apartment at all hours of the day and night, entering the apartment with a key.

The Task Force officers conducted a knock-and-announce search, announcing the presence of police officers with a search warrant. There was no response. The officers then breached the door. There were no individuals inside the apartment.

During this search, officers recovered a duffel bag from the bedroom, which was wedged between the bedpost and the wall, containing a Century Arms 7.62x39 model RAS47 pistol, serial number RAS47111737, a magazine with an unknown amount of rounds in it; and items commonly used for narcotics distribution, including an electronic scale and empty Ziploc bags. Within the bedroom, the Task Force officers also observed the following additional items:

- Male clothing and shoes;

- Male shoes Task Force officers have observed WASHINGTON wearing during prior surveillance;

- The lease for Apartment XXX in WASHINGTON's name; and

- A receipt for rent for Apartment XXX paid by WASHINGTON

The officers further observed in the living room a bag containing one Glock-17 9mm handgun bearing serial number BBDP179 wrapped in a t-shirt within the bag; the handgun had one ammunition round loaded in the chamber and thirteen additional ammunition rounds in the magazine.

Officers observed a second electronic scale on the kitchen counter. Copies of WASHINGTON's identification card were recovered in the kitchen.

There was no evidence located within Apartment XXX indicating that any person other than WASHINGTON resides in the apartment.

WASHINGTON was located at one of the other locations searched pursuant to the search warrant, and placed under arrest.

There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearms and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

WASHINGTON was previously convicted of Assault with Intent to Kill While Armed in D.C. Superior Court Case 2001 FEL 001734, and in 2002, was sentenced to 15 years' imprisonment. Therefore, the defendant would have been aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

On July 29, 2022, WASHINGTON was interviewed in a custodial Mirandized interview. In the interview, WASHINGTON stated that the firearms in his apartment belonged to another person but admitted he had taken custody of the firearms and they were in his possession.

Based on the foregoing, your affiant submits that there is probable cause to believe that OMAR WASHINGTON violated 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(iii), which make it a crime to distribute 28 grams of more of cocaine base.

Your affiant further submits that there is probable cause to believe that WASHINGTON violated 18 U.S.C. § 922(g)(1), which makes it a crime for any person who has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

_____
Qasim Thomas, MPD Detective/ATF-TFO
Bureau of Alcohol, Tobacco, Firearms, and Explosives

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 29th day of July, 2022.*

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE